Otto C. Jaeger, S.
In connection with their final accounting, the executors have petitioned for a construction by the court to reduce the age contingency of a certain trust for the benefit of James Bossom to 21 years pursuant to EPTL 9-1.2 and for a determination that the remaining provisions of that trust and all the provisions of the other trusts created in paragraph “second” of decedent’s first codicil to her will should be unchanged.
The testatrix died on May 20,1964, leaving a will dated March 17, 1956, together with a first and second codicil thereto, dated May 4, 1956 and October 10, 1961, respectively. The afore-mentioned instruments were admitted to probate on September 22, 1964.
The testatrix divided the residue of her estate into four equal parts. In paragraph “second (D) ” of her first codicil she bequeathed one of such equal parts to her trustees and directed them to divide the same into so many equal shares that there would be one share for each child of her nephew, Clive Bossom, surviving her, “ and to hold each share upon a separate trust for the benefit of each child of my said nephew ’ ’ (emphasis *741 added). Testatrix then directed the trustees to pay the income from each share to or apply same for the benefit of the child for whom the share had been set apart until said child attains the age of 25 years, whereupon the principal is to be paid to the respective child for whom the same had been so set apart. Alternative gifts of the respective remainders are provided for in the event any such child dies prior to reaching 25 years of age.
The testatrix was the life income beneficiary under an inter vivos trust which she had created on April 30,1925 and in which she had reserved to herself a testamentary power of appointment over the principal. Decedent exercised the power, in paragraph “ fifth ” of her will, by directing that the appointive property be paid to her executors who were then directed “ to merge the same with my own estate and use all thereof pari passu for the payment of my debts * * # bequests and legacies given by this my Will. ’ ’
Ordinarily, this court would lack jurisdiction to construe an inter vivos trust (SCPA 209, subd. 4; Matter of James, 189 Misc. 24, affd. 274 App. Div. 917). However, a specific exception to this rule is recognized where there is evidence of an intention to merge the appointive property with the individual estate of the testator (see Matter of Gray, 176 Misc. 829, affd. 266 App. Div. 732, affd. 292 N. Y. 532, where the court declined jurisdiction for want of such evidence; Matter of Wainwright, 248 App. Div. 336, 342, and 11 Carmody-Wait, New York Practice [1st ed], pp. 907-908, where the court assumed jurisdiction under the above noted exception).
At the time of testatrix’ death, four children of her nephew, Clive Bossom, survived her. None of them was living at the time of the creation of the inter vivos trust. Three of such children will reach age 25 within 21 years from the date of testatrix’ death. Hence no question of unlawful suspension arises as to their trusts. The f ourth child, James Bossom, will not attain age 25 until 1987, which will be 23 years from the date of testatrix’ death. Consequently, to the extent that his trust includes a portion of the appointive estate, there is an unlawful suspension by the continuation of the trust with respect to such appointive property for a gross period of more than 21 years after the death of the settlor whose life measured the original trust term EPTL 9-1.1 (subd. [a], par. [2]). However, statutory relief is authorized in age contingency situations. (EPTL 9-1.2, formerly Personal Property Law, § 11-a, and Beal Property Law, § 42-b.) For the reasons explained below, the court deems this an appropriate case to apply the statute and reduce the age contingency for the payment of the remainder of the trust for James Bossom *742 to 21 years. In all other respects, said trust and all other trusts created by the afore-mentioned paragraph shall remain unchanged.
EPTL 9-1.2 provides that the age contingency shall be reduced to 21 years as “to any or all persons subject to such contingency. ’ ’ This is in contrast to section 11-a of the Personal Property Law which states that the age contingency shall be reduced to 21 years “as to all persons subject to the same age contingency ” (emphasis added). It would appear that by reason of EPTL 14-1.1 (subd. [b], par. [1], subpar. [B], cl., [ii]) and EPTL 14-1.1 (subd. [b], par. [1], subpar. [C], cl. [ii]) (incorporating the applicability provisions of the above-mentioned sections of the Personal Property Law and Beal Property Law into the EPTL), the EPTL might be regarded as the controlling statute here. However, whether relief is granted herein pursuant to EPTL 9-1.2 as petitioners have requested, or under the former statutes, the result here would be the same.
The above-quoted language of the first codicil wherein the testatrix directs the trustees to hold each child’s share upon a separate trust leaves no doubt as to her intention to create separate trusts for each of the children. Having found that separate trusts exist, nothing need be done to disturb the remainders given to those children who will attain age 25 within the permissible period. There have been cases decided under the previous amendments where the courts have strained to find an inference of separation into separate trusts to avoid reducing the age contingency as to all (Matter of Pendleton, 41 Misc 2d 831; Matter of Molyneaux, 44 Misc 2d 159). No such effort need be made in this case.
The reduction of the age contingency as applied here will not violate testatrix’ intention to treat all of the children on an equal basis with respect to the time at which each will receive his remainder interest. Two of the three brothers of James Bossom will still receive their remainders before James receives his. The other child will receive -his only two years after James.